IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

v.                                                                                           No. 1:14-cv-1025 RB-SMV

THE CITY OF ALBUQUERQUE,

    Defendant

v.

THE ALBUQUERQUE POLICE
OFFICERS' ASSOCIATION,

    Intervenor.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the City of Albuquerque's Motion for Clarification of Finding on Retroactivity in Memorandum Opinion and Order of November 30, 2016 (Doc. 251), filed on February 16, 2017. Having considered the submissions of counsel and relevant law, the Court offers the following clarification.

**I.    Background**[1]

Beginning in 2015, the City began to draft a revised Promotional Process Policy (the Policy) for the Albuquerque Police Department (APD). (Doc. 206 at 2–4.) Pursuant to the Court-Approved Settlement Agreement (CASA) and a Collective Bargaining Agreement between the City and the APOA, the APOA provided feedback to the City about the new Policy throughout the lengthy review and revision process. (*See id.*) When the City implemented the final version of the

---

[1] The Court's November 30, 2016 Memorandum Opinion and Order contains a more thorough background. (*See* Doc. 238 at 1–4.)

1

Policy in 2016, the APOA had unresolved concerns. (*See* Doc. 198.) The APOA filed objections to the Policy with the Court, and the Court filed a Memorandum Opinion and Order on the objections in November 2016. (*See* Docs. 198, 206, 212, 238.)

Among the disputes between the parties was whether the 2016 Promotional Policy should be applied retroactively. The APOA argued against retroactive application of the Promotional Policy, because the Policy is based on a "new philosophy" and novel "controlling concepts" from the CASA, as well as a new training, review, and discipline regime. (*See* Docs. 198 at 8–9; 212 at 3–4.) The City was concerned that the previous policy, which was more formulaic, was not in line with the CASA and would enable officers to be promoted who would otherwise not be eligible under the new Policy. (*Id.* at 27:18–28:15.)

The 2016 Policy significantly increased the time period during which prior discipline could affect an officer's eligibility for promotion. (*See* Doc. 238 at 12–13.) The 2016 Policy also gave the Chief of Police "complete discretion to consider past misconduct . . . ." (*Id.* at 13.) The Court found that the discretion given to the Chief of Police in the 2016 Policy was not consistent with CASA requirements that promotion practices be "fair and consistent" and contain "objective criteria." (*Id.*) To address the APOA's concerns, the Court found "that the Policy should primarily be retroactive to the date the Court entered the CASA as an order." (*Id.* (citing Doc. 134).) The parties now seek clarification on how the Court intended the parties to interpret the word "primarily." (*See* Docs. 251, 252, 260.)

II. **Discussion**

The Court used the word "primarily" to mean that the Chief should have some discretion to apply the 2016 Policy to conduct that predates the CASA. As the Court explained in its earlier Order, the Court finds the discretion given to the Chief in the 2016 Policy must be limited, but it

2

should not be eliminated. (*See* Doc. 238 at 12–13.) The discretion to consider conduct that predates the CASA should be limited to the most egregious cases that directly violate the spirit of the CASA. Thus, in the case the parties discussed in their briefs on this matter, the Court finds the Chief is within his right to deny a promotion to an officer who shot and killed a citizen and received a judicial finding that his conduct violated the citizen's constitutional right to be free of excessive force.[2] The Court is concerned that, were the City forced to promote an officer whose case was one of the incidents that prompted the DOJ's original investigation, the parties' efforts could suffer setback. While the Court cannot offer the parties a bright-line test with objective criteria to guide the Chief on when it is appropriate to use the discretion to consider pre-CASA conduct, certainly the exercise of the Chief's discretion regarding this officer is consistent with the Court's use of the word "primarily."

Above all, the Court encourages the parties to continue developing policies that reflect their commitment to train and promote officers who are committed to effective and constitutional policing and to create and uphold policies that promote the public's confidence and the goals of the CASA.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[2] Despite the fact that Officer Lampiris-Tremba is not a party to this matter and his case is currently before another court, the parties spent a large portion of their briefs arguing about him. From the information provided to the Court, it appears the City gave Officer Lampiris-Tremba notice and an opportunity to be heard regarding his removal from the 2013 promotional eligibility list. (*See* Doc. 251-4 (Sept. 13, 2016 letter from Chief Eden to Officer Lampiris-Tremba giving notice that the City was contemplating his removal from the Promotional Eligibility List and giving him an opportunity to respond).) When Officer Lampiris-Tremba did not receive his desired result, he filed a Complaint for Declaratory Judgment in state court. (*See* Doc. 251-1.) The Court declines to make any specific rulings regarding Officer Lampiris-Tremba and leaves his case to the sound discretion of the state court judge.