# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) THE CITY OF ALBUQUERQUE, ) ) Defendant, ) ) v. ) ) THE ALBUQUERQUE POLICE ) OFFICERS' ASSOCIATION, ) ) Intervenor. ) | CIVIL NO: 1:14-cv-1025-RB-SMV |

## UNITED STATES' MEMORANDUM IN SUPPORT OF THE
## JOINT MOTION FOR CLARIFICATION [DOC. 309]

Plaintiff, United States of America, respectfully submits its memorandum in support of the Joint Motion for Clarification (Doc. 309) regarding Paragraph 315 of the Court-Approved Settlement Agreement (CASA). In the Joint Motion, the Parties requested an order clarifying whether the text of the paragraph requires the City to protect written "communications between the Monitor and the parties" from disclosure. As set forth below, the United States does not intend that the Court issue a prohibited advisory opinion and, therefore, respectfully requests that the Court consider the attached alternate proposed order. The alternate proposed order is limited to defining the scope and purpose of Paragraph 315, rather than answering questions on any future controversies involving the City's obligations under New Mexico's Inspection of Public Records Act (IPRA), NMSA 1978, Section 14-2-1, et seq. (2011). This kind of clarifying order

1

is within this Court's equitable powers and necessary to ensure effective compliance with the CASA.

I. **The United States Does Not Request an Advisory Opinion.**

Federal courts have neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1170 (10th Cir. 2006) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)) (internal quotation marks omitted). The Tenth Circuit has interpreted the relevant limits of Article III jurisdiction to mean that a court's judgments "must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* The Tenth Circuit explained further that the "[t]he real value of the judicial pronouncement—what makes it a proper judicial resolution of a 'case or controversy' rather than an advisory opinion—is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Id.* (quoting *Hewitt v. Helms*, 482 U.S. 755, 761 (1987)) (emphasis omitted).

The proposed order lodged with the Joint Motion requests clarification of Paragraph 315 in the context of potential disclosures related to requests received by Defendants under IPRA. *Proposed Order attached to Email from Saiz to Chambers of 10/23/17.* The proposed order calls for the Court to indicate prospectively whether Defendants would or would not be in violation of Paragraph 315 if it produced "written 'communications'" or "the Monitor's draft reports" in response to IPRA requests. The United States did not intend for the lodged proposed order to require an advisory opinion and submits that the references to IPRA are superfluous and not dispositive of the Joint Motion. There are no pending controversies involving IPRA before this Court, and neither party has asserted any claims or defenses involving IPRA. The reference to

IPRA in the lodged proposed order would not resolve any dispute involving the Parties nor clarify the requirements of the CASA.

To avoid any potential misinterpretation that the Parties are seeking a prohibited advisory opinion, the United States respectfully requests that the Court consider the attached alternate proposed order. The alternate proposed order does not refer to the City's external obligations under IPRA or other issues that are not properly before this Court. The alternate proposed order is limited to clarifying that Paragraph 315 requires that "communications between the Monitor and the parties" are protected from disclosure.

## II. An Order Clarifying the Scope and Purpose of Paragraph 315 is Proper and Necessary to Ensure Full Compliance with the CASA.

The alternate proposed order clarifying the scope and purpose of Paragraph 315 is within this Court's equitable powers and necessary to ensure full and effective compliance with the CASA. Paragraph 315 provides as follows:

> The Monitor is not a state or local agency or an agent thereof, and accordingly, the records maintained by the Monitor or communications between the Monitor and the Parties shall not be deemed public records subject to public inspection.

(Doc. 247-1, ¶ 315.) The plain language of the paragraph excludes "communications between the Monitor and the parties" from public records that are subject to public inspection and, thus, conveys the Parties' intention to protect these communications from disclosure. Nonetheless, the City has pointed to tension between its obligations under Paragraph 315 and disclosure of public records under IPRA, and the need for guidance on the scope of Paragraph 315:

> So the City is just in a difficult position trying to decide how to reconcile what the Settlement Agreement [CASA] says with State law requirements, and we are hopeful we can get some guidance from the Court on how to comply with your expectations in the Settlement Agreement [CASA] so that we can best balance these competing obligations that we have.

(Doc. 285, 6/8/17 Hr'g Tr. 25:10-15; *see also* Doc. 304, 9/7/17 Hr'g Tr. 20:4-8.)

3

A court has inherent authority to interpret the terms of a consent decree when its language results in confusion. *EEOC v. Safeway Stores, Inc*., 611 F.2d 795, 798 (10th Cir. 1979), *cert. denied*, *Courtwright v. EEOC*, 446 U.S. 952 (1980) (internal citations omitted). The Tenth Circuit has defined the breadth of this authority by holding that courts should adopt an interpretation that renders the judgment "more reasonable, effective, and conclusive." *Id.* (internal citations omitted). In their Joint Motion, the Parties seek an order clarifying the effect of excluding "communications between the Monitor and the parties" from public records that are subject to public inspection to assist the City in complying with the CASA. While Defendants raise possible tensions with their disclosure obligations under IPRA, the specific query presented in the Joint Motion focuses exclusively on the requirements of the CASA: "Specifically, the Parties and Monitor seek clarification whether the text of the paragraph requires them to protect written 'communications between the Monitor and the Parties' from disclosure." (Doc. 309 at 2.)

Here, the reasonable, effective, and conclusive interpretation of the CASA militates that the Parties protect "communications between the Monitor and the parties" from disclosure in a public records request, as any other interpretation would render the paragraph meaningless. This interpretation also serves important purposes as the City strives to come into compliance with the CASA, as the Monitor assesses the City's efforts, and as the Court considers and resolves issues that the Parties may bring before it.

Protecting communications from disclosure ensures that the Parties and Monitor are able to engage in a free exchange of proposals, positions, and information. Being able to communicate with one another with candor and thoroughness ensures that barriers to compliance are identified early and resolved quickly. Open channels of communication also help the Parties

and Monitor work through misunderstandings without having to involve the Court. Protecting the Monitor's draft reports, in particular, avoids unnecessary confusion by ensuring that each report has one authoritative, public version that the Parties have vetted for possible errors or omissions.

In these ways, Paragraph 315 protects the Monitor's ability to fully "assess and report whether the requirements of [the CASA] have been implemented" (Doc. 247-1, ¶ 294) pursuant to "the supervision and orders of the Court" (*id.* ¶ 295). By shielding from disclosure the Monitor's draft reports and preliminary discussions among the Parties about compliance issues, Paragraph 315 aids this Court's exclusive jurisdiction over this matter as the sole finder of fact. The attached alternative proposed order is limited to this scope and purpose, and provides Defendants with the necessary guidance to ensure compliance with the CASA.

### III. Conclusion

For the reasons set forth above, a clarifying order setting forth the scope and purpose of Paragraph 315 of the CASA is within this Court's equitable powers and necessary to ensure effective compliance with its terms. The United States respectfully requests that the Court consider the attached alternate proposed order, rather than the proposed order lodged with the Joint Motion, to avoid any misinterpretation that the Parties are seeking a prohibited advisory opinion.

Respectfully submitted this 27th day of November, 2017,

| | |
|---|---|
| JAMES D. TIERNEY<br>Acting United States Attorney<br>District of New Mexico | JOHN M. GORE<br>Acting Assistant Attorney General<br>Civil Rights Division |
| MICHAEL H. HOSES<br>Assistant United States Attorney<br>Chief, Civil Division | STEVEN H. ROSENBAUM<br>Chief |

| | |
|---|---|
| RUTH F. KEEGAN<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>District of New Mexico<br>P.O. Box 607<br>Albuquerque, NM 87103<br>Telephone: (505) 346-7274<br>Email: Ruth.Keegan@usdoj.gov | */s/ Luis E. Saucedo*<br>PAUL KILLEBREW<br>Special Counsel<br>LUIS E. SAUCEDO<br>Counselor to the Chief<br>COREY M. SANDERS<br>STEPHEN RYALS<br>Trial Attorneys<br>Special Litigation Section<br>Civil Rights Division<br>U.S. Department of Justice<br>Washington, DC 20530<br>950 Pennsylvania Avenue, N.W.<br>Telephone: (202) 598-0482<br>Facsimile: (202) 514-4883<br>Email: Luis.E.Saucedo@usdoj.gov |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of November, 2017, I filed the foregoing pleading electronically through the CM/ECF system, which caused the parties, counsel of record and independent monitor on the service list to be served by electronic means.

*/s/ Luis E. Saucedo*
LUIS E. SAUCEDO
Counselor to the Chief