IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              No. 1:14-cv-1025 RB/SMV

THE CITY OF ALBUQUERQUE,

    Defendant,

v.

THE ALBUQUERQUE POLICE
OFFICERS' ASSOCIATION,

    Intervenor.

## CITY OF ALBUQUERQUE'S BRIEF IN SUPPORT OF THE COURT RULING ON THE PARTIES' JOINT MOTION FOR CLARIFICATION (DOC. 309)

COMES NOW Defendant City of Albuquerque ("City"), and respectfully submits the following Brief to explain why the Joint Motion for Clarification (Doc. 309) should be considered and ruled upon by this Court as it raises a justiciable issue rather than a request for an advisory opinion. The purpose of this briefing is to set out why this Court is presented with a justiciable issue, and should provide a ruling, where the City has received requests for communications with the Monitor pursuant to New Mexico's Inspection of Public Records Act (IPRA) while the CASA clearly indicates that such records are not to be publicly disclosed. The operative language of paragraph 315 states:

> "The Monitor is not a state or local agency or an agent thereof, and accordingly, the records maintained by the Monitor or communications between the Monitor and the Parties shall not be deemed public records subject to public inspection."

## INTRODUCTION

The City and the DOJ entered into a settlement agreement on November 14, 2014. (Doc. 9-1). The Court approved the settlement agreement on June 2, 2015. (Doc. 134).  The CASA provides for a number of different types of communications between the parties and the monitor:

- Pursuant to Paragraph 308 of the Court-Approved Settlement Agreement ("CASA"), "… the Monitor shall file with the Court written, public compliance reports… every six months."

- Paragraph 309 of the CASA states that "[t]he Monitor shall provide a copy of the compliance reports to the Parties in draft form within two months after the end of each reporting period."

- Paragraph 309 further specifies that "[t]he Parties shall have fifteen calendar days upon receipt of the report to allow the Parties to informally comment on the draft report" in order for "[t]he Monitor to consider the Parties responses and make any appropriate changes, if any, before issuing the final report." Pursuant to Paragraph 309 of the CASA, "the Monitor shall issue the final report within one month of issuing the draft report."

- Paragraph 310 of the CASA articulates that the Monitor must conduct monthly meetings with the Parties "in order to ensure effective and timely communication regarding the status of APD's implementation of and compliance with the Agreement." Furthermore, paragraph 315 of the CASA states that "communications between the Monitor and the Parties shall not be deemed public records subject to public inspection."

The Inspection of Public Records Act ("IPRA"), NMSA 1978, Section 14-2-1 (2011), establishes that "[e]very person has a right to inspect public records of this state." Additionally, NMSA 1978, Section 14-2-12(D) (1993) allows damages to be awarded to a requester if the City delays or fails to disclose the requested material. The City has received multiple, broad-reaching IPRA requests to provide information regarding the monitoring process such as:

1. All Public Records consisting of every email or document received, created or sent between Dr. Ginger and/or those working for the Independent Monitor and any member of the Police Oversight Board, including but not limited to Beth Mohr and Leonard Waites between March 1, 2015 and May 11, 2016;

2. All Public Records consisting of every email or document received, created or sent between City Attorney Jessica Hernandez and Dr. Ginger and/or those working for the Independent Monitor between March 1, 2015 and June 15, 2016.

Paragraph 315 seems to prohibit the City from disclosing these documents in response to these IPRA requests. The Parties' understanding if paragraph 315 of the CASA is that it contemplates confidentiality of these types of communications in order to facilitate the monitoring process. The City needs guidance from the Court, in light of these requests and the language of Paragraph 315, to ensure that the City does not violate that paragraph of the CASA.

The City's conflicting responsibilities between maintaining certain information as confidential as articulated by the CASA and the City's obligation to provide information to the public as mandated under IPRA brings the Parties to ask the Court for a ruling regarding the meaning of Paragraph 315 of the CASA and the impact it might have regarding the aforementioned IPRA requests seeking information that the CASA appears to contemplate as confidential. This Court's ruling is necessary to enable the City to fully comply with its obligations under the CASA.

### 1. **The Parties' Joint Motion for Clarification is not a Request for this Court to Render an Advisory Opinion.**

A case or controversy is justiciable because it presents an opportunity for a federal district court to provide a meaningful decision. There are three concerns when a court considers whether it is rendering an advisory opinion or bringing resolution to an actual case or controversy: ripeness, mootness and standing. A request for an advisory opinion is implicated when a party requests a court to rule on an issue that does not present a case or controversy under Article III of the United States Constitution. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241, 81 L. Ed. 617, 57 S. Ct. 461 (1937).

#### A. The Issue of Whether the City Would Violate Paragraph 315 of the CASA if it Responds to Requests for Public Records is Ripe for Adjudication.

An issue is ripe when the facts of the case have been fully developed, such that a court is ruling on an actual case or controversy. *Abbot Lab. v. Gardner*, 387 U.S. 136, 149 (1967). This means that a concrete set of facts and actual, rather than hypothetical controversies have ripened to the point of the court providing meaningful resolution. *Anniston Mfg. Co. v. Davis*, 301 U.S. 337, 340-41 (1937). A matter which has not, and may not ever, create an aggrieved party is not justiciable and should be dismissed by a court. *Id*. at 355.

The City has received requests for records concerning communications with the Monitor and there is also pending state court litigation over the question of whether the City has an obligation to respond to these requests under state law. The City may be fined in the event that it does not provide the documents. Therefore, the issue of providing documents which involve communications between the Monitor and the City is ripe for adjudication by this Court.

### B. The Issue of Whether the City Would Violate Paragraph 315 of the CASA if it Responds to Requests for Public Records Means that the Issue is Not Moot.

The mootness requirement of a justiciable claims means that the case or facts of cannot have already been resolved. A moot issue is one, "Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly." *California v. San Pablo & Tulare R.R. Co.*, 149 U.S. 308, 314 (1893).

The City is engaged in an actual controversy over the appropriate application of the CASA to pending requests for public records under IPRA. A ruling by the Court will bring clarity to the CASA and resolve an ongoing controversy which arises out of the CASA.

### C. The Parties have Standing to Request the Court to Rule on the Appropriate Application of 315 of the CASA to IPRA Requests.

In order to have standing to bring a federal claim a party must claim a stake in the case that can be redressed by an award. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). There are three requirements to evidence sufficient standing to bring a claim. First, there must be an "injury in fact," meaning it is "concrete and particularized," and actual or imminent," not 'conjectural' or hypothetical.'" *Id*. at 560. Second, "there must be a causal connection between the injury and the conduct complained of." *Id*. Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision.'"

The City will sustain an "injury in fact" where this question is not resolved by the Court. Without a ruling by this Court, the City is faced with either 1) a pecuniary fine for not producing the documents (because of the CASA) or 2) producing the documents and being found to have violated the CASA. This is an untenable position to be in and requires a clear ruling from the Court on how to proceed. The potential harm of continuing without a ruling from the Court is therefore actual and not speculative.

Paragraph 315 of the CASA provides the causal connection between the actual controversy presented at the state court level and the harm which will be suffered where there is not a ruling by this Court. Finally, it is not speculative to say that the City, faced with interpreting the CASA (as a court order) to mean that these documents should not be produced will result in real injury.

## CONCLUSION

For the reasons stated above the City requests a ruling from the Court on the Joint Motion for Clarification (Doc. 309).

Respectfully submitted,

**CITY OF ALBUQUERQUE**
**Jessica M. Hernandez, City Attorney**

Electronically Filed

*/s/ Jessica M. Hernandez*
Jessica M. Hernandez
Christopher J. Tebo
William W. Zarr
Jeramy I. Schmehl
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
jmhernandez@cabq.gov
ctebo@cabq.gov
wzarr@cabq.gov
jschmehl@cabq.gov

WALZ AND ASSOCIATES

*/s/ Jerry A. Walz*
Jerry A. Walz, Esq.
133 Eubank Blvd NE
Albuquerque, NM 87123
(505) 275-1800
jerryawalz@walzandassociates.com

*Attorneys for Defendant City of Albuquerque*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 27th day of November, 2017, I filed the *foregoing pleading* electronically through the CM/ECF system, which caused the parties, counsel of record and independent monitor on the service list to be served by electronic means.

                                              */s/ Jessica M. Hernandez*
                                              Jessica M. Hernandez