**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

       Plaintiff,

v.                                                              No. 1:14-cv-1025 RB-SMV

**THE CITY OF ALBUQUERQUE,**

       Defendant

v.

**THE ALBUQUERQUE POLICE
OFFICERS' ASSOCIATION,**

       Intervenor.

## ORDER CLARIFYING

This matter is before the Court on the Joint Motion for Clarification (Doc. 309) filed on October 23, 2017, and the parties' briefs in support (Doc. 330, 332) filed on November 27, 2017. The Parties seek clarification of Paragraph 315[1] of the Court-Approved Settlement Agreement (CASA), a document the Parties drafted in good faith for the Court's approval. (*See*, *e.g.*, Doc. 134 at 2 (noting that the Parties had "filed a Settlement Agreement and a joint motion to approve it[,]" which "represent[ed] over five months' negotiation between the" City and the DOJ).)

The Court has inherent authority to interpret a consent decree "when its language results in confusion." *EEOC v. Safeway Stores, Inc.*, 611 F.2d 795, 798 (10th Cir. 1979) (citations omitted). Here, because there is tension between paragraph 315 of the CASA and the City's responsibilities under New Mexico's Inspection of Public Records Act (IPRA), N.M. Stat. Ann.

---

[1] Paragraph 315 of the CASA provides that "[t]he Monitor is not a state or local agency or agent thereof, and accordingly, the records maintained by the Monitor or communications between the Monitor and the Parties shall not be deemed public records subject to public inspection." (Doc. 247-1 (CASA) ¶ 315.)

§ 14-2-1–12 (2011), the Court offers the following clarification of paragraph 315 to prevent confusion.

In adopting the CASA, the Court found that the CASA must be "fair, adequate, reasonable, and in keeping with public policy." (*Id.* at 4 (citing *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991) (internal citation omitted)).) One such public policy of the State of New Mexico, "to provide 'all persons' with 'the greatest possible information regarding the affairs of government[,]'" is embodied in IPRA. *San Juan Agr. Water Users Ass'n v. KNME-TV*, 2011-NMSC-011, ¶ 31, 150 N.M. 64, 257 P.3d 884, 891 (N.M. 2011); *see also State ex rel. Toomey v. City of Truth or Consequences*, 287 P.3d 364, 371 (N.M. Ct. App. 2012). "Under IPRA, '[e]very person has a right to inspect' the public records of New Mexico." *San Juan Agr. Water Users Ass'n*, 257 P.3d at 887 (quoting N.M. Stat. Ann. § 14-2-1(A)).

Because the CASA must comport with applicable law and public policy, where CASA-related documents fall within IPRA's definition of public records, those documents are subject to disclosure under IPRA. According to IPRA, "'public records' means all documents, papers, letters, books, maps, tapes, photographs, recordings and other materials, regardless of physical form or characteristics, that are used, created, received, maintained or held by or on behalf of any public body and relate to public business, whether or not the records are required by law to be created or maintained." N.M. Stat. Ann. § 14-2-6(G). A "'public body' means the executive, legislative and judicial branches of state and local governments and all advisory boards, commissions, committees, agencies or entities created by the constitution or any branch of government that receives any public funding, including political subdivisions, special taxing districts, school districts and institutions of higher education . . . ." N.M. Stat. Ann. § 14-2-6(F).

It is clear that the Monitor, the monitoring team, and the DOJ fall outside of the definition of a public body or agent of the state of New Mexico or the City of Albuquerque.[2] The Monitor is an agent of the Court. Pursuant to the CASA, the Monitor is "subject to the supervision and orders of the Court, consistent with this Agreement and applicable law." (*Id.* ¶ 295.) The Monitor was selected by the DOJ and the City, subject to the Court's approval. (*Id.* ¶ 327.) This Court's "Memorandum Opinion and Order adopting the original Joint Motion to Approve Settlement and Enter the Settlement Agreement as an Order" referred to the Monitor as "the eyes and ears of the Court." (Doc. 134 at 3.) The Monitor is not performing a public function delegated to the Monitor by the City, but was brought to bear by forces outside of the City. *See*, *e.g.*, *Toomey*, 287 P.3d at 371.

The same may not be said, of course, of the City, which must respond to viable IPRA requests as it normally would.[3] This Court takes seriously its original promise to "ensure that the Monitor does not collude with [the] parties to suppress public information." (Doc. 134 at 6.) The Court understands the Parties' desire to protect communications in order "to engage in a free exchange of proposals, positions, and information" with "candor and thoroughness" so that "barriers to compliance are identified early and resolved quickly." (Doc. 330 at 4.) As the parties do not, however, offer any legal justification that would operate to take documents that are otherwise disclosable out of IPRA's reach, the Court cannot find a legal reason to protect the documents.[4]

---

[2] Recognizing that the Monitor and DOJ may not waive confidentiality on the City's behalf, the Court in its Order adopting the CASA assured the Albuquerque Police Officers Association that the Monitor and DOJ will "maintain all non-public information provided by the City in a confidential manner." (Doc. 134 at 20–21 (quoting CASA ¶ 326).)

[3] The Court's November 16, 2016 request that the City produce certain documents *in camera* should not be construed as altering the City's legal obligation to produce public records under IPRA. (*See* Doc. 328 at 245:19–246:4.)

[4] The Court makes no ruling on whether any of the documents relevant to the IPRA requests currently pending with the City fall within one of the IPRA exceptions or are otherwise exempt from IPRA's reach.

To be clear: the provisions of the CASA may not be contrary to applicable law, thus Paragraph 315 may not be used to deny valid IPRA requests where the documents meet the definition of "public records."[5]

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[5] It may be necessary for the Parties to follow the CASA-mandated procedure to modify Paragraph 315 if its wording promotes confusion. The Parties may file a separate motion to that effect.