IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>THE CITY OF ALBUQUERQUE, )<br>  )<br>Defendant, )<br>  )<br>v. )<br>  )<br>THE ALBUQUERQUE POLICE )<br>OFFICERS' ASSOCIATION, )<br>  )<br>Intervenor. )<br>  ) | CIVIL NO: 1:14-cv-1025-RB-SMV |

**JOINT STIPULATION SUSPENDING PARAGRAPH 308 OF THE SETTLEMENT
AGREEMENT AND JOINT BRIEF EXPLAINING SUSPENSION**

Plaintiff, United States of America, and Defendant, City of Albuquerque (collectively, the Parties), file this joint stipulation and brief, with the consent of Intervenor Albuquerque Police Officers' Association (APOA) and approval of the Independent Monitor, regarding temporarily suspending Paragraph 308 of the First Amended and Restated Court Approved Settlement Agreement (CASA) (Doc. 247-1), which governs the timing of the Independent Monitor's reports to the Court. Under the Parties' stipulation, the Independent Monitor and the City will file status reports with the Court on June 1, 2018 and August 31, 2018, in place of a seventh, full monitoring report on May 2, 2018. In these status reports, the Independent Monitor

will report on intensive technical assistance that he and his team will provide to the City over the next several months, and the City will report on its efforts to implement its compliance plan, due to be filed on March 14, 2018 (see Docs. 346, 348).

**I.       Joint Stipulation to Suspend Paragraph 308 of the Settlement Agreement**

The Parties jointly stipulate to suspend the six-month reporting requirement in Paragraph 308 of the CASA for one reporting period. Paragraph 308 states, in relevant part, "After November 2016 and commencing with the fifth public compliance report, the Monitor shall file [his] written, public reports every six months." (Doc. 247-1 ¶ 308.) The Monitor's next full report—covering the seventh reporting period from August 2017 through January 2018—is due on May 2, 2018. (Doc. 230-1 (setting forth schedule for monitoring reports).) In lieu of this seventh report, the Parties stipulate that the Independent Monitor and the City will file status reports with the Court by June 1, 2018 and August 31, 2018.[1] The Monitor will resume his regular reports with what would have been his eighth full report, due on November 2, 2018. *Id.*

**II.      Joint Brief Explaining the Suspension of Paragraph 308 of the Settlement Agreement**

The CASA contemplates both the modification and the suspension of provisions of the agreement. Paragraph 338 of the CASA states:

> The Parties may jointly stipulate to make changes, modifications, and amendments to this Agreement, which shall be effective, absent further action from the Court, 45 days after a joint motion has been filed with the Court. Such changes, modifications, and amendments to this Agreement shall be encouraged when the Parties agree, or where the reviews, assessments, and/or audits of the Monitor demonstrate that the Agreement

---

[1] Paragraph 319 of the CASA requires the City "to file a status report one month before the Monitor reports are due, for the duration of this Agreement." (Doc. 247-1 ¶ 319.) Because the Independent Monitor will not file a seventh monitoring report, the City is relieved of its obligation under paragraph 319 to file the status report that would have been due on March 2, 2018. (Doc. 230-1.) As noted above, however, the City will file two reports on its efforts to implement the requirements of its compliance plan, ensuring that it continues to fulfill the intent behind paragraph 319 of having the City regularly report on its compliance efforts.

>provision as drafted is not furthering the purpose of this Agreement or that there is a preferable alternative that will achieve the same purpose. Where the Parties or Monitor are uncertain whether a change to the Agreement is advisable, the Parties may agree to suspend the current Agreement requirement for a time period agreed upon at the outset of the suspension. During this suspension, the Parties may agree to temporarily implement an alternative requirement. The Monitor shall assess whether the suspension of the requirement, and the implementation of any alternative provision, is as, or more effective at achieving the purpose as the original or current Agreement requirement, and the Parties shall consider this assessment in determining whether to jointly stipulate to make the suggested change, modification, or amendment.

*Id.* at 102, ¶ 338. In its Memorandum Opinion and Order approving the Settlement Agreement, the Court instructed the Parties to use specific procedures when submitting joint stipulations for modifications pursuant to Paragraph 338. (Doc. 134 at 13.) The Court ordered the Parties to use these procedures only in the context of modifications; at that time the Court was not presented with the question of whether the same procedures should apply to *suspensions* of CASA requirements. The Parties will nevertheless follow the same procedures here to ensure that we have fully apprised the Court of our reasons for suspending the reporting requirement for the seventh monitoring period and what kind of reporting will take place in lieu of the comprehensive monitoring report due on May 2, 2018. The procedures that the Court ordered for modifications are as follows:

>Should the parties wish to jointly modify the consent decree, they must file briefing explaining (1) the nature and purpose of the change; (2) a description of the practices or events necessitating the change; and (3) an explanation of why each party, separately, consents to the change. *Cf. Am. Cyanamid Co.*, 719 F.2d at 565 n.7 (suggesting that courts should look to the Tunney Act, 15 U.S.C. § 16, for "useful guidance" on modification procedures for consent decrees). This briefing will help the Court determine whether it will permit the change without further action or if the Court needs to examine the issue. For example, if the change is merely technical, the Court will permit the modification without requiring more of the parties. Otherwise, the Court may order additional briefing from the Intervenor and Amici to help the Court evaluate the change.

(Doc. 134 at 13.) Each of the three areas identified by the Court is addressed below.

### A. *The Nature and Purpose of the Suspension of Paragraph 308*

The CASA requires that the Independent Monitor provide regular reports to the Court and the Parties on the City's efforts to achieve full compliance with the Agreement. The Independent Monitor has been filing reports on a six-month basis since filing his fifth report with the Court on May 2, 2017. (*See* Doc. 230-1.) The seventh reporting period began in August 2017 and ended January 2018. *Id.* At the request of the Independent Monitor, and with the consent of the APOA, the Parties have agreed to suspend the requirement that the Independent Monitor file by May 2, 2018 a comprehensive report for the seventh reporting period. Instead, the Independent Monitor and the City will file status reports by June 1, 2018 and August 31, 2018. Each status report will have two sections: in section one, the Independent Monitor will report on technical assistance that he and his team are providing to the City; in section two, the City will report on its efforts to implement its compliance plan (*see* Doc. 331 at 5).[2]

#### 1. Technical Assistance

The Parties and Independent Monitor agree that, at this critical juncture of the case, the Monitor's technical assistance is necessary for the City to move forward. As the Court is aware, a new City administration began in December 2017, and new command staff was appointed shortly thereafter to administer the Albuquerque Police Department (APD). The Independent Monitor's technical assistance will support the new City and APD administrations' efforts to maintain continuity in areas of the CASA that have reached compliance and to overcome barriers to reform that require more significant corrective action. Suspending normal monitoring activities over the next several months will allow the Independent Monitor to provide this

---

[2] The authorship of each section of the reports will be clear to the Court and public—there will be no confusion about what language in a report is attributable to the Independent Monitor and what is attributable to the City.

temporary, targeted intervention within the budget that was authorized by the Court and the Parties. (*See* Monitor's Final Budget, Doc. 114-1.) The Independent Monitor is expected to provide technical assistance in the following areas:

- developing an internal problem-solving process that APD can use in every area of compliance;

- revising APD's policy on use-of-force investigations in light of the recent modifications to the CASA (*see* Doc. 354);

- revising APD's use-of-force policy to make it clearer and more understandable;

- designing a new training program for personnel assigned to the Force Investigation Section (*see id*. at 5-6);

- designing a new training program for supervisors regarding their obligations under the three-level force classification system (*see id*. at 4-5);

- designing a new training program for line officers regarding the revised use-of-force policy and their obligations when they use Level 1 force (*see id*.); and

- strengthening the administration of APD's training academy.

The Independent Monitor and the Parties have already taken steps to begin the technical assistance process. The Independent Monitor and his team began assessing APD's current needs for technical assistance in collaboration with the Parties during the week of January 15, 2018. The Independent Monitor and his team have also set aside the weeks of March 12 and March 19, 2018 to provide technical assistance. They will schedule additional sessions as necessary.

In the status reports to be filed in June and August, the Independent Monitor will provide the Court and public information about what technical assistance he and his team have provided up to that point, as well as any observations the Monitor may have regarding the City's compliance efforts and where it should focus its resources moving forward.

    2.    The City's Compliance Plan

The Parties' Joint Memorandum Regarding the Development of a Compliance Plan stated that "[t]he purpose of the compliance plan is to set forth specific actions that the City will take to achieve compliance with the CASA, the individuals responsible for those actions, and deadlines for taking action." (Doc. 331 at 2.) In that memorandum, the City committed to filing a status report halfway through the plan's implementation "to identify actions that [the City] has taken; impediments to progress; unanticipated problems; any missed deadlines, including an explanation for why the City missed those deadlines and what the new deadlines will be; and any other relevant issues or concerns that arose during the previous period." (*Id.* at 5.) Under the Parties' joint stipulation, the City will actually file two status reports: one at the halfway point of the period covered by the compliance plan, and a second after the period is over. These two reports will assist the Court, Monitor, Parties, and public in assessing whether the City is making reasonable efforts toward compliance; whether the plan itself is a useful tool for achieving compliance that the Parties should replicate in the future; and whether there are barriers to compliance that may require different strategies to overcome.

In summary, the two status reports to be filed in lieu of the Monitor's full, seventh report will include contributions from the Independent Monitor and the City that will provide timely updates to the Court and public about the progress of this reform effort. To be sure, these status reports will not provide the comprehensive picture of the City's compliance levels that would be provided by the seventh monitoring report. But forgoing that monitoring report will permit a redirection of resources towards needs that are more pressing. The Independent Monitor will be able to provide intensive technical assistance without having to make any changes to his budget,

and the City will be able to concentrate its efforts on implementing its compliance plan, which is aimed at addressing the most significant barriers to compliance.

      B.     *Events Necessitating Suspension of Paragraph 308*

Over the last two reporting periods, the Independent Monitor has identified areas of deliberate non-compliance or deliberate indifference by the City. (*See, e.g.*, Independent Monitor's Fifth Report, Doc. 274 at 8, 12, 84, 318; Independent Monitor's Sixth Report, Doc. 313 at 66, 95, 99, 118.) Because of these findings, at the November 16, 2017 hearing, the Court ordered that the Parties work together to create a compliance plan that clearly spells out responsible persons, timelines, recommendations, and deadlines to complete specific tasks to drive the compliance effort. (Doc. 328 at 230:24-231:25.) This order from the Court led to the filing of the Joint Memorandum Regarding the Development of a Compliance Plan on November 27, 2017. (Doc. 331.) The compliance plan is to be filed on or before March 14, 2018 and will encompass tasks to be completed by July 2018. (*See* Second Motion for Extension of Time to Submit the Compliance Plan, Doc. 346.)

The new City administration took office in December 2017 and appointed new leadership at APD. The City has expressed its renewed commitment to the reform process and its interest in working collaboratively to achieve compliance with the CASA in a more effective, efficient, and sustainable manner. In light of the non-compliance findings by the Independent Monitor that led to the need for a compliance plan, and because the City has appointed new leadership to APD, the Independent Monitor proposed providing the City and APD intensive technical assistance to ensure continued progress in the case. After assessing the Independent Monitor's proposal, the

Parties determined that the additional technical assistance is necessary and within the scope of the Independent Monitor's duties (*see* Doc. 247-1 ¶ 305).

The suspension of the requirement of a seventh monitoring report is necessary to allow the Independent Monitor enough time to engage in this intensive technical assistance process with APD personnel. Suspending the full reporting requirement will also ensure that the technical assistance process remains within the Independent Monitor's existing budget. The status reports will deliver timely updates on this technical assistance and the City's efforts to fulfill the goals of its compliance plan.

The suspension of the Paragraph 308's reporting requirement applies only to the seventh monitoring period covering August 2017 to January 2018. The Independent Monitor will resume providing six-month reports beginning with the eighth monitoring report, due on November 2, 2018, as set forth in the Second Stipulation Modifying Paragraph 308. (Doc. 230-1 at 2.)

  C. *Parties' Statements on Why They Consent to Suspension of the Reporting Requirement for the Seventh Reporting Period Found in Paragraph 308*

**STATEMENT OF THE UNITED STATES**: The United States consents to suspending the reporting requirement in Paragraph 308 in favor of intensive technical assistance by the Independent Monitor because doing so will ensure that the City has the help it needs during a crucial period in this reform effort. Additional technical assistance will support the new City administration's efforts to maintain continuity where the City has reached compliance and to make progress where the City has faced barriers to compliance. The Independent Monitor cannot provide this intensive technical assistance while also preparing and drafting a full monitoring report. The United States believes that this trade-off is reasonable and desirable, particularly in light of the two status reports described above. These reports will ensure that the

Court, Parties, and public remain informed about the City's progress. The CASA recognizes that providing technical assistance is consistent with the Independent Monitor's duties and that it can be an important component of the reform process. (Doc. 247-1 ¶ 305.) The United States supports this technical assistance process and the suspension of Paragraph 308 that the process requires.

**STATEMENT OF THE CITY OF ALBUQUERQUE**: The City consents to the suspension of the reporting requirement set out in paragraph 308 of the CASA because the alternative plan will allow the Independent Monitor to provide technical assistance to APD while also employing an effective reporting format by the City and Independent Monitor.

The provision of technical assistance by the Independent Monitor will be very timely provided to APD at a point in the reform effort when key policies involving use of force reporting and investigations are going to be reworked and training will need to be delivered. The past few months of City and APD operations have been focused on a complete overhaul of key personnel in City hall and APD; which has also meant reconsidering the effort toward achieving full compliance with the Settlement Agreement.

This effort has been highlighted by the creation of a Compliance Bureau within APD that will be focused on coordinating the work to achieve full compliance with the Settlement Agreement. The technical assistance from the Independent Monitor, in developing a problem-solving process to be applied where obstacles in achieving full compliance with the CASA are encountered, will be translated directly into the work of the Compliance Bureau.

The suspension of the reporting requirement in paragraph 308, and instead employing the plan set out above, will also allow the Independent Monitor and City to provide two very

relevant and meaningful reports to the Court, Parties and community. The dual-focused structure of these two reports will capture the input of technical assistance from the Independent Monitor in lock-step with the output of tasks being accomplished in the Compliance Plan. This type of reporting will very clearly explain why and how the reform effort is progressing.

The City is fully supportive of the suspension of the reporting requirement found in paragraph 308 so that the Independent Monitor can engage in the provision of technical assistance to APD along with a modified report writing protocol and schedule.

**STATEMENT OF ALBUQUERQUE POLICE OFFICERS' ASSOCIATION:** The APOA consents to the proposed modification of Paragraph 308 of the Settlement Agreement because the Association is committed to ensuring that the parties are successful in achieving compliance.

**STATEMENT OF THE INDEPENDENT MONITOR:** The changes in CASA-required protocols and deliverables outlined in the City's current motion are, in the monitor's opinion, critical to an effective "reset" of the City's compliance efforts. This "reset" is required because of the deliberate indifference and deliberate non-compliance of the previous administration at APD, which, in the monitor's professional opinion has left the incoming administration at APD in a serious and substantial performance deficit. The changes proposed by the Monitor and the Parties will allow the monitor to work closely with the new leadership cadre at APD to "reset" the compliance process and to provide critical technical assistance that will guide new leadership as it accepts responsibility for, and implements, future compliance efforts.

WHEREFORE, the Parties respectfully request that the Court accept the Parties' stipulated modifications to Paragraph 308 of the Settlement Agreement.

Respectfully submitted this 5th day of March, 2018.

For Plaintiff UNITED STATES OF AMERICA

JOHN C. ANDERSON  
United States Attorney  
District of New Mexico  
ELIZABETH MARTINEZ  
Executive Assistant United States Attorney  
MICHAEL HOSES  
Assistant United States Attorney  
RUTH F. KEEGAN  
Assistant United States Attorney  
U.S. Attorney's Office  
District of New Mexico  
P.O. Box 607  
Albuquerque, NM  87103  
Telephone: (505) 346-7274  
Email: Ruth.F.Keegan@usdoj.gov  

JOHN M. GORE  
Acting Assistant Attorney General  
Civil Rights  

STEVEN H. ROSENBAUM  
Chief  
Special Litigation Section  

/s/ *Paul Killebrew*  
PAUL KILLEBREW  
Special Counsel  
LUIS E. SAUCEDO  
Counselor to the Chief  
COREY M. SANDERS  
STEPHEN M. RYALS  
Trial Attorneys  
Special Litigation Section  
Civil Rights Division  
Department of Justice  
950 Pennsylvania Avenue, N.W.  
Washington, DC  20530  
Telephone:  (202) 615-5003  
Facsimile:   (202)514-8883  
Email: paul.killebrew@usdoj.gov

For Defendant CITY OF ALBUQUERQUE:

Samantha M. Hults, Acting City Attorney

*/s/ Jeramy I. Schmehl*  
Jeramy I. Schmehl  
Christopher J. Tebo  
William W. Zarr  
P.O. Box 2248  
Albuquerque, NM 87103  
(505) 768-4500  
jschmehl@cabq.gov  
ctebo@cabq.gov  
wzarr@cabq.gov

For Intervenor ALBUQUERQUE POLICE OFFICERS ASSOCIATION:

>/s/ Frederick M. Mowrer
>FREDERICK M. MOWRER
>Sanchez, Mowrer & Desiderio, P.C.
>P.O. Box 1966
>Albuquerque, NM 87103
>Telephone: (505) 247-4321

Concur:

>/s/ James D. Ginger, Ph.D.
>JAMES D. GINGER, Ph.D.
>Independent Monitor
>Public Management Resources, Inc.
>6877 Francis Marion Road
>Pamplico, SC 29583
>Telephone: (843) 493-6293

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of March, 2018, I filed the *foregoing pleading* electronically through the CM/ECF system, which caused the parties, counsel of record and independent monitor on the service list to be served by electronic means.

>/s/ Paul Killebrew