IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

  Plaintiff,

v.                No. 1:14-cv-1025 RB-SMV

THE CITY OF ALBUQUERQUE,

  Defendant

v.

THE ALBUQUERQUE POLICE
OFFICERS' ASSOCIATION,

  Intervenor.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Albuquerque Police Officers' (APOA) Motion to Reconsider in Part the Memorandum Opinion and Order on the City of Albuquerque's Motion for Court Acceptance of the City's Proposed Promotional Policy, filed on September 12, 2018. (Doc. 402.) Having considered the submissions of counsel and relevant law, the Court will **DENY** the APOA's Motion.

**I. Legal Standard**

  **A. Motion to Reconsider Standard**

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Litigants seeking such relief may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)" within 28 days of final judgment "or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)" after 28 days have passed. *Id.*; *see also Ysais v. Richardson*, 603 F.3d 1175, 1178 n.3

(10th Cir. 2010) (noting that Rule 59 was amended effective December 1, 2009 "to provide that a motion to alter or amend a judgment may be filed within 28 days after the entry of judgment"; the previous version required the motion to be filed within ten days).

"A motion for reconsideration under rule 59(e) is an 'inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1218 (D.N.M. 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted)). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243).

## II. Discussion

The APOA moves the Court to reconsider its earlier decision on the issue of the "rule of three" in the City's proposed 2018 Promotional Policy. (*See* Doc. 402.) As grounds for its motion, the APOA cites language from the Court's decision, wherein the Court stated that "[t]he APOA neither included the language from the contract, nor explained how the contract dictates selection." (*Id.* at 3 (quoting Doc. 395 at 5).) While the Court disagrees that it "misapprehended the APOA's position and/or failed to fully consider to APOA's submission in making its ruling[,]" (*id.* at 3–4), it will take this opportunity to more fully explain its previous decision.

### The APOA's previous arguments on the rule of three.

In response to the City's Motion for Court Acceptance of the City's Proposed Promotional Policy, the APOA included two short paragraphs on the rule of three:

> Further, the APOA would comment that the rule of three (3) contained in the promotional policy does remain an issue. The City and the APOA have just finished a new Collective Bargaining Agreement [(CBA)] that contains language which is in direct conflict with the rule of three (3) selection process (*See Section 21(B)(3)(a) as contained in the City's Exhibit 1*). The language contained in the [CBA] provides that promotions shall be based off the seniority of the candidates who were available for promotion (*see Section 7.3.2 of Exhibit A attached hereto*). The APOA would argue that the [CBA] is a contract which has been entered into between the parties and that such contractual provisions take precedence over the language as proposed in a new promotional policy. Further, this Court should uphold the protection that has been afforded to such contract provisions.

(Doc. 374 at 2.)

> As the APOA argued above, there is a dispute between the parties concerning Section 21(B)(3), wherein it states that the Chief may apply the rule of three (3) to promotional eligibility. The APOA would argue the current Contract contains a provision which says that such promotional selection shall be done on a seniority basis. As the APOA argued above, the Contract was just negotiated and executed between the parties and contains language which has been in the existing APOA contracts for years. The APOA would argue that its Contract should be protected under the law and that the Albuquerque Police Department should not be able to change its promotional policy with regard to this issue.

(*Id.* at 7 (citing *LB&B Assocs., Inc. v. Int'l Bhd. of Elec. Workers, Local No. 113,461*, 461 F.3d 1195 (10th Cir. 2006)).)

The Court's assertion that "[t]he APOA neither included the language from the contract, nor explained how the contract dictates selection" is not incorrect—the APOA did not directly quote the relevant language from the CBA in either paragraph of its argument on the rule of three, and it did not offer more than a cursory explanation of how it believes that the relevant

3

provision in the CBA dictates selection and conflicts with the provision in the 2018 Policy. (*See id.* at 2, 7.)

<u>The APOA did not sufficiently demonstrate that the documents are in conflict.</u>

The APOA summarily argued that the language in the new CBA directly conflicts with the rule of three language in the 2018 Policy. (*See id.*) The APOA mentioned, but did not quote, the relevant language in the new CBA, which provides: "For promotional purposes, final score standing in the promotional process will determine the seniority for being promoted off the list. In the event of a tie, departmental seniority will break the tie." (Doc. 378-1.) In describing this language in its response brief, the APOA stated that "promotional selection shall be done on a seniority basis." (Doc. 378 at 7.)

While the APOA cited CBA Section 7.3.2 and Section 21(B)(3) of the 2018 Policy, the Court notes that Section 21(B)(1) is also directly on point. Section 21(B)(1) provides: "Seniority, as defined in the APD [CBA], will be used for list placement *only in the event of a tie*." (*See* Doc. 374-1 (2018 Policy) at 15, § 21(B)(1) (emphasis added).) The Court finds that the two documents may be read in harmony.[1] Section 17.3.2 defines the term "seniority" as final score standing. Section 21(B) provides that the CBA's definition of "seniority" will be used only to break a tie; otherwise, the Chief may implement the rule of three. When read in this way, there is no conflict—at least, no conflict that the APOA demonstrated in its response.

---

[1] At the hearing on the City's original Motion for Court Acceptance of the City's Proposed Promotional Policy, counsel for the City stated that she does not believe that the rule of three violates the language in the CBA. (*See* Doc. 393 at 11:19–24.)

4

The parties have agreed to the relevant language for years.

That the parties have bargained for and crafted the wording in these two documents for at least four, and perhaps up to ten years,[2] supports the Court's reading of the provisions. As the Court mentioned in its original Opinion, the same wording exists in both the 2014 and 2016 policies. (*See* Doc. 395 at 5–6; *compare* Docs. 374-1 at 15, *with* 198-1 at 14, *and* 206-5 at 10.) The APOA suggests that it was improper for the Court to consider the 2014 and 2016 Policies (Doc. 402 at 2 ("the language of earlier policies is not the issue before this Court")); yet, the APOA also argued that the CBA "was just negotiated and executed between the parties and *contains language which has been in the existing APOA contracts for years.* The APOA would argue that its Contract should be protected under the law and that the [APD] *should not be able to change* its promotional policy with regard to this issue." (Doc. 378 at 7 (emphasis added).) The APOA's previous argument supports the Court's finding—the language that has existed in the CBA's and Promotional Policies for years was bargained for and agreed to by the parties.[3] It will not be disturbed.

The APOA did not develop its arguments in its previous Response brief.

The APOA generally cited to a Tenth Circuit decision in its original Response brief but did not explain why it was helpful. (*See* Doc. 378 at 7 (citing *LB&B Assocs., Inc.*, 461 F.3d 1195).) In its Motion to Reconsider, the APOA asserts that in *LB&B*, the Tenth Circuit upheld an arbitration award and found that the CBA took precedence over the employer's conflicting policies. (Doc. 402 at 4–5 (citing *LB&B Assocs., Inc.*, 461 F.3d at 1197).) As the City notes,

---

[2] Counsel for the City stated that she looked back at the parties' approved promotional policies through at least 2008 and found identical relevant language. (*See* Doc. 393 at 11:24–12:5.)

[3] The Court notes that in the APOA's 2016 Notice of Objection to APD Promotional Policy, the APOA discussed an objection it had to Section 21 of the 2016 Policy and never raised an objection to the rule of three in that same section. (*See* Doc. 198 at 9–10.)

5

*LB&B* is not directly on point, as the Tenth Circuit was simply called upon to determine whether an arbitration award should be upheld. (Doc. 407 at 3.) Moreover, as the Court explained above, it is possible to read the two documents here in harmony—they do not conflict, as the documents did in *LB&B*.

<u>The Court will not consider the APOA's newly developed arguments.</u>

The APOA now expands on its earlier arguments with citations to other facts and authority. (*See* Doc. 402.) As the City points out, however, the APOA is "advanc[ing] arguments it could have and should have made prior to the Court's ruling . . . ." (Doc. 407 at 2–3.) The APOA has not cited any new authority or facts previously unavailable, nor has it shown that there is any "need to correct clear error or prevent manifest injustice." *See Jarita Mesa Livestock Grazing Ass'n*, 58 F. Supp. 3d at 1217 (quotation omitted). The Court will not consider the APOA's new arguments, all of which could have been made when the APOA first responded to the City's original Motion.

For these reasons, the Court will **DENY** the APOA's Motion to Reconsider (Doc. 402).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE