FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 2 6 2021

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THE CITY OF ALBUQUERQUE,           No. CIV. 14-1025 JB\SMV

    Defendant,

vs.

THE ALBUQUERQUE POLICE
OFFICERS' ASSOCIATION,

    Intervenor.

## STIPULATED ORDER ESTABLISHING AN EXTERNAL FORCE INVESTIGATION TEAM

This matter comes before the Court on the Joint Motion of Plaintiff United States of America and Defendant City of Albuquerque (collectively, the Parties), with the concurrence of the Independent Monitor, for entry of this Stipulated Order, which requires the City to establish, on a temporary basis, an External Force Investigation Team (EFIT) to assist the Albuquerque Police Department (APD) in conducting investigations of Level 2 and Level 3 uses of force by APD officers, while also assisting APD with improving the quality of its own Internal Affairs (IA) force investigations. This Stipulated Order also requires the City to improve APD's IA processes, increase the number APD IA force investigators, and provide additional training to APD's IA force investigators. The Parties intend the measures in this Stipulated Order to ensure high-quality, timely investigations of Level 2 and Level 3 force incidents, and to address the investigative deficiencies in APD's IA force investigations identified in the Independent



Monitor's Twelfth Report, Doc. 652. The Court approves this Stipulated Order and enters it as an Order of the Court.

## A. Establishment of the External Force Investigation Team

1. The City shall establish an EFIT to guide and direct IA force personnel, and when necessary, conduct investigations of Level 2 and Level 3 uses of force; provide written assessments of IA investigations carried out by IA force personnel; and provide written feedback on IA force personnel's work product. *See* Doc. 465-1 ¶ 48 (defining Level 2 and Level 3 uses of force).

2. For the purposes of this Order, "IA force personnel" includes IA force investigators and supervisors, other than IA Commanding Officers; "investigations of Level 2 and Level 3 uses of force" include both investigations and the review of investigations by supervisors; and "Independent Monitor" may include members of the Independent Monitoring Team.

3. EFIT shall be overseen by an Administrator. The City shall empower the EFIT Administrator to hire and retain the staff necessary to fulfill the requirements of this Order. It is anticipated that the EFIT Administrator will hire and retain a number of Investigators, as well as administrative support staff and Supervisors, as necessary to fulfill the duties under the EFIT Administrator's contract with the City. The EFIT Administrator shall ensure that a sufficient number of EFIT Investigators to meet the requirements of Paragraph 17 of this Order are physically present in Albuquerque and able to respond to the scene of Level 2 and Level 3 uses of force.

4. The EFIT Administrator shall have experience and expertise in investigating law enforcement misconduct, the constitutional standards for police officers' use of force, and systems reform litigation. The EFIT Supervisors and Investigators shall have experience

and expertise in investigating law enforcement misconduct and the constitutional standards for police officers' use of force. Neither the EFIT Administrator, Supervisors, nor Investigators shall have any current or previous employment relationship or contract for services with APD or the City.

5. The City shall contract with the EFIT Administrator and fund the operations of EFIT in accordance with its Public Purchases Ordinance, specifically, ROA 1994, § 5-5-20(U) (exempting "[c]ontracts and expenditures in connection with court or administrative proceedings, including, but not limited to, experts, mediators, interpreters, translators, court reporters, process servers, witness fees, and printing and duplicating of materials for filing" from competitive requirements of the article), or any other appropriate provision of the Public Purchases Ordinance.

6. The City shall widely publish a request for letters of interest for the EFIT Administrator no later than March 1, 2021.

7. The City shall accept input from the United States Department of Justice (DOJ) as the City solicits EFIT Administrator candidates and on the candidate that the City ultimately selects. DOJ shall provide input within two (2) weeks of receiving information about the candidates, unless otherwise agreed by the City and DOJ.

8. The contract between the EFIT Administrator and the City shall include all standard terms for City contracts.

9. Within two weeks of the EFIT Administrator's selection, the City and DOJ shall file a notice with the Court to inform the Court of the Administrator's identity and professional background.

10. The City shall enter into a contract with an EFIT Administrator no later than May 3, 2021.

11. Within one month of the EFIT Administrator's selection, the City and the EFIT Administrator shall establish protocols for how APD IA and EFIT will coordinate on investigations of Level 2 and Level 3 uses of force. At a minimum, the protocols will specify procedures for coordinating the work of IA force personnel and EFIT personnel; and how APD IA will transmit investigative files to EFIT. The protocols will specify that EFIT shall not assist APD IA with investigations of Level 2 and Level 3 uses of force for which the investigatory deadlines established by the Court-Approved Settlement Agreement (CASA), APD policy, and the Collective Bargaining Agreement between the City and the Albuquerque Police Officers' Association (CBA) have expired at the time that EFIT begins providing services. The protocols shall be submitted to DOJ and the Independent Monitor for review and comment pursuant to the procedures of Paragraphs 147 and 148 of the CASA. Doc. 465-1 at 49-50.

**B. Staffing of IA Force Investigators; Technical Assistance**

12. The City shall ensure that APD maintains at least twenty-five (25) force investigators assigned to IA, unless and until APD can demonstrate by an internal staffing analysis that fewer investigators are necessary to timely investigate all Level 2 and Level 3 uses of force.

13. The Independent Monitor has provided and will continue to provide extensive technical to the City regarding IA processes, including the period before an EFIT administrator is selected.

14. Based on the technical assistance set forth in Paragraph 13, within two months of the entry of this Order, the City will submit a proposed written IA investigative process to DOJ and the Independent Monitor. DOJ and the Independent Monitor will have 14 days to submit proposed revisions to the written IA investigative process. The City will have seven days to agree to or reject any proposed revisions. After the City, DOJ, and the Independent Monitor reach agreement on the proposed written IA investigative process, the written IA investigative process shall be filed with the Court. If the City, DOJ, and the Independent Monitor cannot reach an agreement on the proposed written IA investigative process, the City or DOJ may submit the matter to the Court for resolution.

15. After APD implements the written IA investigative process, the Independent Monitor will spend an additional week providing intensive technical assistance, in addition to the extensive technical assistance provided to date.

16. The City shall endeavor to negotiate longer investigative deadlines with the recognized exclusive representatives of relevant bargaining agreements. Nothing in this order requires the City to violate the Labor Management Relations Ordinance or any collective bargaining agreement.

C. **Investigations of Level 2 and Level 3 Uses of Force**

17. From the date the EFIT contractor begins services and subject to EFIT staffing levels, APD and EFIT will both deploy investigators to the scene for every Level 2 and Level 3 use of force, unless APD deploys an APD IA investigator who has satisfied the requirements of Paragraph 35.

18. APD IA investigators shall act as the lead on-scene investigators for all Level 2 and Level 3 uses of force and shall be primarily responsible for conducting the on-scene

requirements of CASA Paragraphs 69(a), (b), (c), (d), and (e) (Doc. 465-1 at 27),

including but not limited to:

    a. respond to the scene and consult with the on-scene supervisor to ensure that all personnel and subject(s) of use of force have been examined for injuries, that the use of force has been classified according to APD's classification procedures, that subject(s) have been interviewed for complaints of pain after advising the subject(s) of his or her rights, and that all officers and/or subject(s) have received medical attention, if applicable;

    b. ensure that all evidence to establish material facts related to the use of force, including but not limited to audio and video recordings, photographs, and other documentation of injuries or the absence of injuries is collected;

    c. ensure that a canvass for, and interview of, witnesses is conducted. In addition, witnesses should be encouraged to provide and sign a written statement in their own words;

    d. ensure, consistent with applicable law, that all officers witnessing a Level 2 or Level 3 use of force by another officer provide a use of force narrative of the facts leading to the use of force;

    e. provide a written admonishment to involved and witness officer(s) to the use of force that they are not to speak about the force incident with anyone until they are interviewed by [an] . . . investigator . . ..

19. The City shall transmit all documents, evidence, and investigative notes created or obtained by the on-scene investigator(s) to EFIT within 72 hours of the use of force, and

on an ongoing basis as additional evidence is provided. EFIT will acknowledge receiving all forwarded investigative documents, evidence, and notes.

20. IA force personnel and EFIT personnel shall jointly conduct investigations of all Level 2 and Level 3 uses of force, subject to the exception in Paragraph 23. IA force personnel and EFIT personnel shall jointly investigate and review all Level 2 and Level 3 uses of force in a manner that is consistent with the requirements of the CASA, APD policy, and the CBA.

21. EFIT shall have full, direct, and timely access to APD staff, employees, facilities, documents, data, and evidence to the extent necessary to fulfill the requirements of this Order. EFIT shall coordinate with APD and its legal counsel to access personnel, facilities, and documents in a reasonable manner. Should APD or its legal counsel decline to provide EFIT with access to documents or data based on privilege, APD shall inform EFIT, DOJ, and the Independent Monitor that it is withholding documents or data on this basis, and shall provide EFIT, DOJ, and the Independent Monitor with a log describing the documents or data and the basis of the privilege.

22. For each use of force investigation, EFIT shall evaluate the quality of IA force personnel's investigations and immediately notify APD and APD's legal counsel of any deficiencies or misconduct by IA force personnel related to their investigations. APD shall promptly address these deficiencies or misconduct through corrective action or discipline, consistent with the CASA, APD policy, and the CBA.

23. EFIT shall be authorized to complete investigations and supervisory reviews of investigations of Level 2 and Level 3 uses of force without the involvement of IA force personnel if either of the following conditions are met:

      a. EFIT or APD has alleged that the IA force personnel assigned to the investigation has committed misconduct in the course of the investigation, and EFIT believes that the IA force personnel's continued participation in the investigation is likely to undermine the integrity of the investigation; or

      b. EFIT or APD believes that deficiencies in the tactics or work product of the IA force personnel assigned to the investigation is likely to prevent the investigation from being completed within the deadlines provided for in the CASA, APD policy, and the CBA.

24. EFIT shall provide written notice to DOJ, APD, and the Independent Monitor when EFIT exercises its authority under Paragraph 23 to complete investigations of Level 2 and Level 3 uses of force without the involvement of IA force personnel. EFIT's notice shall explain in writing the grounds for its actions. If DOJ or the City believes that EFIT's actions were improper, they will seek to resolve the matter with EFIT and the other party. If DOJ, APD, and EFIT cannot reach a resolution, DOJ or the City may bring the matter before the Court for resolution.

25. APD and EFIT shall identify all misconduct that occurred during the course of each use of force incident and provide information about all misconduct that it identifies to APD, for the purposes of screening, assigning an internal affairs number, and tracking by APD IA. IA force personnel and EFIT personnel shall complete the investigation of all misconduct related to the use of force, and APD IA shall complete the investigation of all misconduct not related to the use of force.

26. EFIT shall complete its investigations within 60 days of receiving on-scene investigation materials from APD. At the conclusion of each investigation, IA force personnel and

EFIT personnel shall prepare a joint investigative report, consistent with the requirements of the CASA and APD policy. In the report, IA force personnel and EFIT personnel shall recommend a determination of whether each use of force complied with APD policy and state and federal law. For any use of force for which the investigation determines that an officer violated APD policy or state or federal law, IA force personnel and EFIT shall recommend appropriate corrective and/or disciplinary action, consistent with the CASA and APD policy.

27. An IA Commanding Officer shall review each investigative report and recommendation, and state in writing whether he or she concurs with the report and recommendation's findings of whether the use of force complied with policy; the recommended disposition of any misconduct allegations; and any recommended corrective and/or disciplinary action. The IA Commanding Officer shall explain any concurrence or non-concurrence in writing. Any recommended discipline resulting from an investigation will be reviewed by APD's executive staff consistent with APD policy.

**D. Role of the Independent Monitor with Regard to EFIT**

28. The Independent Monitor shall assist APD, DOJ, and the EFIT Administrator as the EFIT is established by, at a minimum:

    a. orienting EFIT regarding CASA requirements and relevant CASA compliance deficiencies by APD;

    b. providing technical assistance to EFIT regarding the Independent Monitor's compliance assessment methodology; expectations regarding EFIT's processes, work product, and records production; and other relevant matters, as the EFIT Administrator and the Independent Monitor deem appropriate; and

9

    c. conducting informal assessments of force investigations completed with EFIT's involvement, particularly in the early stages of EFIT's implementation, to ensure that investigations completed with EFIT's involvement comply with CASA requirements regarding the quality of force investigations. The Independent Monitor shall convey the outcome of these informal assessments to the EFIT Administrator, APD, and DOJ.

29. The City recognizes that the requirements of Paragraph 28 of this Order are beyond the scope of the Independent Monitor's duties under the CASA and the City's annual budgets for the Independent Monitor's services under the CASA. The City shall therefore enter into separate compensation agreements with the Independent Monitor for the provision of the services required by Paragraph 28 of this Order, as described in Paragraph 334 of the CASA.

30. The Independent Monitor shall conduct formal compliance assessments of force investigations completed with EFIT's involvement as it would investigations completed by APD. Except for the requirements of Paragraph 28 of this Order, this Order is not intended to, and does not, alter the responsibilities or authority of the Independent Monitor under the CASA.

### E. Remedial Action Plan

31. Within five months of the start date of the contract with EFIT, the City shall draft a remedial action plan for IA force investigations and submit it to DOJ, the Independent Monitor, and the EFIT Administrator. The plan will identify concrete actions that the City and EFIT will take to improve the quality and timeliness of investigations of Level 2 and Level 3 uses of force by IA. The Independent Monitor may recommend changes or

approve the plan consistent with the requirements of Paragraph 147 of the CASA. After the Independent Monitor approves of the plan, the City shall file it with the Court. If either the City, DOJ, or both disagree with the Monitor's recommendations, such party or parties may file the plan with the Court and move for its approval.

32. After filing a joint remedial action plan or after the Court approves the plan, and until the plan has been fully implemented, the City shall file brief reports to the Court, due every three months from the date the remedial action plan was filed, to inform the Court of progress in implementing the plan, any barriers to implementation that it has faced, and any modifications to the plan that may be necessary. The City's quarterly reports will include, at a minimum:

    a. a summary of the City's progress regarding the implementation of the written IA investigative process required by Paragraph 14, including a summary of the intensive technical assistance provided by the Independent Monitor;

    b. a summary of written evaluations by EFIT of the quality of IA force investigators' investigations during the previous quarter;

    c. a summary of written feedback by EFIT of IA force investigators' work product during the previous quarter;

    d. any formal training that IA force investigators received during the previous quarter;

    e. the number of force investigators assigned to IA and, if APD has not yet retained 25 force investigators, the steps that APD will take in the next quarter to achieve full staffing;

    f. the number of investigations or reviews of investigations that EFIT completed without the involvement of IA force personnel, pursuant to Paragraph 23;

    g. the number of IA force investigators conducting investigations independent of the EFIT, pursuant to Paragraph 35; and

    h. for Level 2 and Level 3 force investigations:

        i. the number of investigations initiated during the previous quarter;

        ii. the number of investigations completed during the previous quarter;

        iii. the average and mean number of days from initiation to completion for the investigations completed during the previous quarter;

        iv. the number of investigations during the previous quarter that were completed within the deadlines required by the CASA, APD policy, and the CBA; and

        v. the number of investigations during the previous quarter that were not completed within the deadlines required by the CASA, APD policy, and the CBA.

## F. Training of IA Force Personnel

33. Subject to extensions necessary due to COVID-19-related restrictions and availability, and subject to the approval of the proposed contractor by the by the Monitoring Team and DOJ, within three months of the entry of this Order, APD shall identify and hire a contractor to who shall, in concert with APD's Academy, develop and provide training to IA force personnel on conducting high-quality and timely force investigations. This training shall be developed, approved, and provided consistent with APD policy and the CASA, and shall incorporate problem-solving, experiential adult-learning principles.

This training shall be subject to review and approval by the Independent Monitor and DOJ.

## G. Returning Responsibility for Full Investigations of Level 2 and Level 3 Uses of Force to APD

34. An IA Commanding Officer and EFIT shall prepare written evaluations of each investigator and supervisor who are assigned as IA force personnel on a quarterly basis. These evaluations shall be considered confidential consistent with City Personnel Rules and Regulations and state law, but shall be provided to the Monitor and DOJ upon request and shall be kept confidential pursuant to the requirements of Paragraph 326 of the CASA. These evaluations shall include, at a minimum:

   a. a description of the nature and extent of all training provided to the IA force investigator or supervisor during the previous quarter;

   b. a summary of written assessments by EFIT of the quality of the IA force investigator's or supervisor's investigations;

   c. a summary of written feedback by EFIT on the IA force investigator's or supervisor's work product;

   d. a description of any allegations that the IA force investigator or supervisor committed misconduct related to their investigations during the previous quarter, including how the allegation was ultimately resolved;

   e. the number of the IA force investigator's or supervisor's investigations from the previous quarter in which the IA force investigator or supervisor failed to satisfy CASA requirements for investigations, compared to the number of investigations that the IA force investigator or supervisor conducted during the previous quarter;

    f. an evaluation of the IA force investigator's or supervisor's overall performance; and

    g. any actions that will be taken during the following quarter to improve the IA force investigator's or supervisor's performance.

35. APD may transfer responsibility for conducting full investigations of Level 2 and Level 3 uses of force from EFIT to IA force personnel only after a quarterly evaluation demonstrates:

    a. that the IA force investigator or supervisor has received training on all aspects of Level 2 and Level 3 force investigations;

    b. that the IA force investigator or supervisor has regularly conducted high-quality investigations for at least two months, as demonstrated by EFIT's written assessments of the investigations;

    c. that the IA force investigator or supervisor regularly produces high-quality work product, as demonstrated by EFIT's written feedback;

    d. that the IA force investigator or supervisor has not committed misconduct during the course of investigations; and

    e. that 95% of the IA force investigator's or supervisor's investigations from the previous quarter satisfied all CASA requirements for investigations.

36. APD shall notify the EFIT Administrator in writing two weeks before APD intends to transfer sole responsibility for conducting full investigations of Level 2 and Level 3 uses of force from EFIT to an IA force investigator or supervisor. The EFIT Administrator shall promptly notify the City, APD, DOJ, and the Independent Monitor in writing if the EFIT Administrator determines that the IA force investigator or supervisor does not meet

the qualifications identified in Paragraph 35 of this Order. The City, APD, DOJ, the Independent Monitor, and the EFIT Administrator shall confer about any disagreements between APD and the EFIT Administrator regarding the qualifications of any IA force investigator or supervisor to take responsibility for conducing full investigations of Level 2 and Level 3 uses of force. The City and DOJ shall seek to resolve any such disagreements. If the City and DOJ are unable to resolve such disagreements, they may bring the matter before the Court for resolution.

37. The City and DOJ anticipate that APD will take responsibility for conducting full investigations of Level 2 and Level 3 uses of force over time as individual IA force investigators and supervisors meet the qualifications identified in Paragraph 35.

38. The City will endeavor to ensure that the responsibility for conducting full investigations of Level 2 and Level 3 uses of force returns entirely to APD within nine (9) months of EFIT beginning to provide services. Within six (6) months of the EFIT beginning to provide services, the Parties will evaluate the progress of APD, to include considering whether the EFIT is contributing to improvements in the progress of APD to meet the requirements of the CASA. Based on this evaluation, the Parties will file a status report with the Court within seven (7) months of the EFIT beginning to provide services, indicating whether the services of the EFIT should extend beyond nine (9) months.

39. The City and DOJ agree to jointly ask the Court to terminate this Order once there are a sufficient number of IA force personnel who have met the qualifications identified in Paragraph 35 to complete all full investigations of Level 2 and Level 3 uses of force within the timelines required by the CASA, APD policy, and the CBA.

40. Notwithstanding Paragraph 39 of this Order, if the Independent Monitor, after conducting the informal assessments required by Paragraph 28(c) of this Order, or the formal assessments required by the CASA, determines that EFIT regularly fails to conduct investigations consistent with CASA requirements and APD policy, the City, with the concurrence of DOJ, may seek to terminate its contract with EFIT, and the Parties may seek to modify this Order accordingly.

41. If the City and DOJ are unable to reach agreement about asking the Court to terminate this Order, either Party may seek to terminate this Order. In the case of termination sought by the City, prior to filing a motion to terminate, the City agrees to notify DOJ in writing when the City has determined that there are grounds for termination of this Order. Thereafter, the City and DOJ shall promptly confer about the City's assertions. If, after a reasonable period of consultation and the completion of any audit or evaluation that DOJ and/or the Independent Monitor may wish to undertake, the City and DOJ cannot resolve any disagreements, the City may file a motion to terminate this Order. If the City moves for termination of this Order, DOJ will have 60 days after the receipt of the City's motion to object to the motion. If DOJ does not object, the Court may grant the City's motion. If DOJ objects, the Court will hold a hearing on the motion, and the burden shall be on the City to demonstrate that it has fully complied with this Order and that the grounds for termination of this Order are supported by a preponderance of the evidence.

The Court recognizes and approves of the measures in the Stipulated Order as good faith efforts by the Parties to address investigative deficiencies in APD's force investigations, as identified by the Independent Monitor in his Twelfth Report, and therefore approves this Stipulated Order as an Order of the Court.

**THEREFORE,**

**IT IS ORDERED** that the Parties' Joint Motion for Entry of Stipulated Order Establishing an External Force Investigation Team is approved, and the Stipulated Order is hereby entered as an Order of the Court.

**IT IS FURTHER ORDERED** that that the Court will retain jurisdiction to enforce the provisions of the Order.

                                                      HON. JAMES O. BROWNING
                                                     United States District Judge

*Counsel:*

Fred J. Federici
  Acting United States Attorney
Elizabeth M. Martinez
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

  --and--

Paul Killebrew
  Special Counsel
Corey M. Sanders
  Trial Attorney
Stephen M. Ryals
  Trial Attorney
Patrick Kent
  Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
Washington, D.C.

      *Attorneys for the United States*

Esteban A. Aguilar, Jr.
  City Attorney
Lindsay Van Meter
  Managing Assistant City Attorney
Robyn Rose
  Assistant City Attorney
City of Albuquerque
Albuquerque, New Mexico

*Attorneys for the City of Albuquerque*