IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                        1:14-cv-1025 JB/SMV

**THE CITY OF ALBUQUERQUE,**

    Defendant,

v.

**THE ALBUQUERQUE POLICE
OFFICERS' ASSOCIATION,**

    Intervenor.

### UNOPPOSED MOTION TO SEAL DOC. NO. 928 AND 928-1

    Defendant, City of Albuquerque, states the following for its Unopposed Motion to Seal Doc. No. 928 and 928-1: [1]

### ARGUMENT[2]

    On June 24, 2022, City of Albuquerque filed its Notice of Filing **(Doc. No. 928)** and its exhibit in error. Unfortunately, an important internal review process was inadvertently bypassed, causing an unapproved report to be submitted to the Court. The Exhibit (Doc. 928-1) has factual and material errors that must be corrected so that an accurate report is provided to the Court. The City requested that these pleadings be struck, and the Court granted this request on July 11, 2022.

---

[1] Pursuant to D.N.M. LR Civ. 7.1(a), the City attempted to determine whether this motion was opposed prior to filing.

[2] This matter was discussed at the October 5, 2022 hearing. The Court directed the City to prepare a motion to seal.

<u>See</u> **(Doc. No. 936)**, entered on July 11, 2022. However, due to the nature of electronic filing, this pleading still remains available to the public. The City requests these documents be sealed because they contain factual and material errors.

Courts have long recognized a common-law right of access to judicial records," but this right "is not absolute." <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir.2007). Thus, the presumption in favor of access to judicial records may be overcome where "countervailing interests heavily outweigh the public interests in access." <u>Id.</u> (internal quotation marks omitted). The burden is on the party seeking to restrict access to show "some significant interest that outweighs the presumption." <u>Colony Ins. Co. v. Burke</u>, 698 F.3d 1222, 1241 (10th Cir. 2012). The Court of Appeals "will reverse a district court's order to seal documents only if "[it] ha[s] a definite and firm conviction that [the court] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." <u>Mann</u>, 1149.

Here, there is a significant interest in ensuring that the documents on the Court docket accurately reflect the parties' positions. The City has clearly indicated these documents were mistakenly filed, they contain errors, they do not accurately reflect the City's position, and the Court has agreed they should be struck from the Court record. The City also filed a new Notice that subsequently replaced the original Notice of filing. Pursuant to Fed R. Civ. P. 15, the amended pleading fully replaces the prior pleading. Notably, certain stakeholders have asserted the City's failure to fully remedy the mistaken filing demonstrates a continued lack of commitment to the success of the goals of this lawsuit. Even though this pleading has been struck, so long as it remains visible on the court docket, there continues to be a concern that the pleading will be attributed to

the City. Accordingly, the City believes there is a significant interest that outweighs the general presumption of public filings.

**WHEREFORE**, the City requests that this Court grant its Motion and seal **(Doc. No. 928)** in its entirety to include its exhibit, **(Doc. No. 928-1)**.

Respectfully submitted by:

Defendant City of Albuquerque

 /s/ Lauren Keefe
Lauren Keefe
City Attorney
Carlos Pacheco
Senior Managing City Attorney
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
lkeefe@cabq.gov
cpacheco@cabq.gov

 /s/ Taylor S. Rahn
Taylor S. Rahn
Robles, Rael & Anaya, P.C.
500 Marquette Ave NW, Suite 700
Albuquerque, NM 87102
(505) 242-2228
taylor@roblesrael.com
*Attorneys for Defendant City of Albuquerque*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18th, 2022, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel and the Independent Monitor to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

 /s/ Taylor S. Rahn
Taylor S. Rahn