IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                     1:14-cv-1025 JB/JFR

THE CITY OF ALBUQUERQUE,

    Defendant,

v.

THE ALBUQUERQUE POLICE
OFFICERS' ASSOCIATION,

    Intervenor.

**JOINT STIPULATION REGARDING THE SUSPENSION OF CERTAIN REQUIREMENTS OF PARAGRAPH 147 OF THE THIRD AMENDED AND RESTATED COURT-APPROVED SETTLEMENT AGREEMENT**

Plaintiff, United States of America, and Defendant, City of Albuquerque (collectively, "the Parties"), file this joint notice, with the consent of Intervenor, Albuquerque Police Officers' Association ("APOA"), and approval of the Independent Monitor, regarding the temporary suspension of certain requirements of Paragraph 147 of the Third Amended and Restated Court-Approved Settlement Agreement ("Third Amended CASA") (Doc. 988-2).

## INTRODUCTION

As the City has achieved sustained operational compliance with a number of paragraphs in the CASA, the parties have agreed that the Monitor may refrain from assessing these paragraphs for compliance. *See* Joint Notice of Agreement (Doc. 948); *see also* Amended Joint Notice of

Second Agreement (Doc. 979). The City is now conducting self-assessments to ensure that it continues to comply with the requirements of these paragraphs. *See, e.g.*, City's Notice of Filing Self-Assessment Report (Doc. 987). The City has also continued to submit Albuquerque Police Department ("APD") policies related to these paragraphs to both the United States and the Independent Monitor for review and approval, pursuant to Paragraph 147 of the CASA.[1] The parties have determined that there is no longer a need for the United States and the Monitor to pre-approve policies related to areas currently in self-assessment.

Under Paragraph 338, "the Parties may agree to suspend the current Agreement requirement for a time period agreed upon at the outset of the suspension. During this suspension, the Parties may agree to temporarily implement an alternative requirement." 2nd Amended CASA ¶ 338 (Doc. 465-1). Accordingly, pursuant to Paragraph 338, the Parties agree to suspend for six months the requirements of Paragraph 147 as they pertain to policies related to CASA paragraphs in self-assessment, such that the City will no longer submit such policies to the United States and the Monitor for approval before implementing them. However, as required by Paragraph 296, the City will continue to provide implemented policies to the Monitor,[2] and will provide such policies to the United States, as well. Moreover, the City will continue to engage community stakeholders such as the Mental Health Resource and Advisory Committee ("MHRAC"), Community Policing Councils ("CPC"s), and the Civilian Police Oversight Advisory Board ("CPOAB") in policy

---

[1] Paragraph 147 requires that "APD shall submit all policies, procedures, manuals, and other administrative orders or directives related to this Agreement to the Monitor and DOJ for review and comment before publication and implementation." 2nd Amended CASA ¶ 147 (Doc. 465-1).
[2] Paragraph 296 states, in part, that "the Monitor…shall review APD policies[.]" *Id.* ¶ 296.

development and review for CASA-related policies, including those related to paragraphs in self-assessment.

If, after six months, the Parties and the Monitor agree that policies promulgated by APD related to these paragraphs continue to comply with the CASA absent review and approval by the United States and the Monitor, the Parties may at that time move to permanently modify the requirements of Paragraph 147.

## PROCEDURE FOR MODIFICATION OF CASA REQUIREMENTS

In its Memorandum Opinion and Order approving the Settlement Agreement, the Court instructed the Parties to use specific procedures when submitting joint stipulations for modifications pursuant to Paragraph 338. *See* Mem. Op. and Order 13 (Doc. 134). The Court ordered the Parties to use these procedures only in the context of modifications; at that time the Court was not presented with the question of whether the same procedures should apply to suspensions of CASA requirements. The Parties will nevertheless follow the same procedures here to ensure that we have fully apprised the Court of our reasons for temporarily suspending the requirements of Paragraph 147 as they pertain to policies related to paragraphs currently in self-assessment.

Under the Court's procedure for submitting joint stipulations under Paragraph 338, the Parties must file briefing explaining: (1) the nature and purpose of the change; (2) a description of the practices or events necessitating the change; and (3) an explanation of why each party, separately, consents to the change. *See id*. The Parties address each of these areas below.

### A. Nature and purpose of the change

Under the proposed suspension of Paragraph 147 requirements, the City will no longer be required to submit policies related to areas in self-assessment for approval by the United States and the Monitor prior to implementation. The purpose of this modification is two-fold: 1) to gradually increase the City's level of autonomy by allowing the City to demonstrate its ability to create its own policies as this case nears its conclusion; and 2) to reduce any unnecessary delay and burden associated with continued approval prior to implementation.

### B. Need for Modification

When APD drafts a new or revised policy, it must be submitted to the Monitor and the United States, and each entity has 15 business days to note any objection to the policy. *See* 2nd Amended CASA ¶ 147 (Doc. 465-1). If objections are made, APD then has an additional 15 days to resolve the objections. *Id*. ¶ 148. This often leads to a further 15 days for the Monitor and the United States to review the new version of the proposed policy after APD has resolved objections.

The fact that the City has met the requirements for self-assessment in certain areas demonstrates that the City is ready to independently promulgate policy in these areas, as well. The Parties are cognizant that the citizens of Albuquerque are invested in the oversight mechanisms set forth by the CASA. The parties wish to ensure the City is given an opportunity to succeed in expanding areas of self-governance as this litigation ends to avoid any concerns generated by an abrupt end to that oversight.

### C. Parties', Intervenor's, and Independent Monitor's Statements on Why They Consent to Suspending Paragraph 147

#### 1. Statement of United States

The United States agreed to move paragraphs into self-assessment because the City demonstrated an ability to maintain "full and effective compliance" with those paragraphs for a sustained period of time. *See* 2nd Amended CASA ¶ 337 (Doc. 465-1) (requiring that the City demonstrate "full and effective compliance" with the CASA for at least two years before termination is appropriate). The logical next step in this progression is to allow the City and APD greater independence in developing and implementing policies related to paragraphs that are in self-assessment. The United States is confident that the Monitor's continued review of implemented policies, along with community stakeholder involvement in policy development, will ensure that policies promulgated by APD remain compliant with the CASA and support the ultimate goal of effective, constitutional policing in the City of Albuquerque.

#### 2. Statement of City of Albuquerque

The City has worked diligently to achieve and maintain compliance with the CASA's requirements. Currently, more than one third of the CASA paragraphs are in self-assessment, and the City anticipates that number will increase substantially at the beginning of IMR-19 (due to be begin on August 1, 2023). Achieving and maintaining compliance with these paragraphs demonstrates an ability and commitment by the City to implement the objectives of the CASA and the express requirements of these paragraphs. The City is ready and able to draft policy on these topics without prior approval from the United States and the Monitor. APD has implemented a robust system for policy development and review that will ensure quality policies in compliance with CASA requirements.

3. **Statement of Albuquerque Police Officers' Association**

The APOA does not object to the relief sought herein.

4. **Statement of Independent Monitor**

The monitor notes, that for the past 18 months, the City has exhibited the ability to craft reasonable and well-articulated policy product, requiring virtually no significant comment or correction by the monitoring team upon review. Based on the exhibited level of capacity evident in the policy product produced by APD over the past 18 months, the monitor has no objection to the Parties' stipulation for suspension of specific requirements of Paragraph 147, which addresses policies related to CASA paragraphs.

**WHEREFORE**, the Parties and the Intervenor, [with the concurrence of the Independent Monitor], respectfully submit this stipulated suspension of certain requirements of Paragraph 147 for policies related to CASA paragraphs that are in self-assessment.

Respectfully submitted:

**Defendant City of Albuquerque**

By: /s/ Taylor S. Rahn
Taylor S. Rahn
Robles, Rael & Anaya, PC
500 Marquette Ave. NW, Suite 700
Albuquerque, NM 87102
(505) 242-2228
taylor@roblesrael.com

Lauren Keefe
City Attorney
Senior Managing City Attorney
P.O. Box 2248
Albuquerque, NM 87103
(505) 768-4500
lkeefe@cabq.gov

Plaintiff United States of America:

Alexander M.M. Uballez
United States Attorney
District of New Mexico
Aja Brooks
Executive Assistant U.S. Attorney
Ruth Keegan
Civil Division Chief
U.S. Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103
(505) 224-1466
aja.brooks@usdoj.gov
ruth.f.keegan@usdoj.gov

Kristen Clarke
Assistant Attorney General
Civil Rights Division

Steven H. Rosenbaum
Chief
Paul Killebrew
Deputy Chief
paul.killebrew@usdoj.gov

Jean Zachariasiewicz
Patrick Kent
Jared Hager
Melody Joy Fields
Trial Attorneys
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530
(202) 305-3229
jean.zachariasiewicz@usdoj.gov
patrick.kent@usdoj.gov
jared.hager2@usdoj.gov
melody.fields@usdoj.gov

Intervenor Albuquerque Police Officers' Association:

Frederick M. Mowrer
Sanchez, Mowrer & Desiderio, P.C.
John James D'Amato, Jr.
The D'Amato Law Firm, P.C.
1112 Second Street NW
Albuquerque, NM 87102
(505) 247-4321
fmmowrer@smdlegal.com
john@damatolawoffice.com

Independent Monitor James D. Ginger, Ph.D.:

James D. Ginger, Ph.D.
Public Management Resources, Inc.
6877 Francis Marion Road
Pamplico, SC 29583
(843) 493-6293
pmrinc@mac.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel and the Independent Monitor to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

 /s/ Taylor S. Rahn
Taylor S. Rahn